Whitaker, Judge,
dissenting:
This matter was considered with great care by the Correction Board. It rendered no snap judgment, and there is certainly no evidence of bias. Unless its decision was arbitrary or contrary to law, we are bound by it.
Whatever may be said of the legality of the action of any: intermediate board or agency in this case, it is the action of *455 the Correction Board that we must examine. If that action was not arbitrary or illegal, we are bound by it.
The allegation before the Board was that an injustice bad been done this officer in retiring him not for disability in 1946. The primary question before the Board was: Was or was not the officer physically incapacitated when he was retired in 1946?
The Surgeon General was not willing to express an opinion on this primary question. He simply did not know. Nobody had thought he was until July 1951, five years after his release to inactive duty, when the Veterans Administration came to the conclusion that he was then suffering from multiple sclerosis, and supposed he must have been in 1946.
In 1954 an Army medical board found that plaintiff then had multiple sclerosis and they deduced that be must have had it eight years before when he was released to inactive duty. A Physical Evaluation Board concurred.
It is hard for me to understand how these doctors could have told that the disease from which plaintiff was then suffering had had its inception 8 years before.
The Correction Board must have concluded that the evidence was not sufficient to show this primary fact. There was room for such a conclusion.
In the absence of a finding favorable to the officer on this primary question, plaintiff was not entitled to have his records corrected.
I do not think we can conclude that the findings of the Board were not supported by substantial evidence or were contrary to law. Hence, we are bound by its findings.
For this reason I dissent.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, .it was ordered July 8, 1958, that judgment for the plaintiff be entered for $21,224.84.